ROBERT HUGHES v. WILLIAM CHRISTY AND OTHERS.

It was not error to exclude parol evidence offered by the plaintiff to prove that he as attorney for the defendants instituted suits in the District Court of the United States, his stipulated compensation therefor being the subject matter of litigation in this action.

The consent of a defendant to the appointment of an auditor, as authorized by our statute, (O. & W. Dig., art. 565,) does not have the effect of an admission of the cause of action to any extent; nor does it estop the defendant from establishing his defence, or relieve the plaintiff from the necessity of establishing his cause of action.

Although it would be more appropriate that a demurrer to evidence should be in writing, there is no rule of practice in this State absolutely requiring it to be so made, and the court in which it is made has discretionary power to require it in writing or to receive it in parol. Where exception is not taken at the time to a demurrer to evidence on account of its being made in parol, an objection for that reason made in this court will not avail.

Hughes v. Christy.

Correct practice requires that the plaintiff should join in a demurrer to the evidence by the defendant, and if he fails to do so, the court should require it of him. But even if the record on appeal does not show that there was a joinder in the demurrer, that will not be cause for a reversal of the judgment rendered on it.

APPEAL from Limestone. Tried below before the Hon. John Gregg.

In 1849, William Christy and Charles A. Jacobs employed Hughes, the appellant, as an attorney and counselor at law, to institute suits for the recovery of an extensive tract of land in Limestone county, known as the eleven league grant of Andres Varela, of which numerous parties had taken possession and claimed adversely to Christy and Jacobs. A written obligation was executed by Christy and Jacobs, by which, after stating the employment of Hughes, they stipulated, "for bringing suit and prosecuting to recovery at our cost and charges, we agree to pay and fee to said Hughes one-eighth of the land or proceeds thereof recovered; said Hughes to receive no fee for any of said lands which may be recovered without suit, by compromise with those in possession."

This action was brought by Hughes upon the foregoing obligation, against Christy and the heirs of Jacobs, (he being dead,) and their agents, for the compensation he was entitled to by reason of compromises effected by defendants of suits brought by Hughes against the parties in possession of the land. The petition prayed for an account to be taken between the plaintiff and the defendants, and that the defendants be enjoined from disposing of any lands or collecting any moneys in which by reason of the obligation mentioned he had an interest, and for a partition of such lands.

Judgment by default was entered against defendants, but was set aside upon cause shown by them, and they pleaded to the merits. By consent of parties an auditor was appointed to take an account between the plaintiff and the defendants. His report failed to connect the land and money recovered by the defendants from the adverse claimants with the suits instituted by Hughes. Upon the trial the plaintiff introduced a witness to prove that he instituted suits in behalf of Christy and Jacobs in the United States District Court at Galveston against sundry parties for the recovery

of portions of the Varela grant. The defendants objected to this species of evidence to prove the institution of the suits, and the court sustained the objection and excluded the evidence; to which the plaintiff excepted. The plaintiff having closed his case, the defendants demurred to the evidence, and the court sustained the demurrer and rendered judgment thereon for the defendants, from which the plaintiff appealed.

*Flournoy & Carter*, and *R. Hughes*, for appellant.

*Jas. C. Walker*, for appellees.

MOORE, J.—The court did not err in refusing to permit the plaintiff to prove by parol that suits had been brought by him for Jacobs and Christy, against the adverse claimants of the eleven leagues of land granted to Varela. Nor does he now insist upon this as a ground for the reversal of the judgment; but contends that the defendants having consented to the appointment by the court of an auditor to audit the accounts between the parties, thereby admitted the plaintiff's right to recover to some extent.

It is very evident that it was not the intention of the defendants, when they consented to the appointment of an auditor, to admit the plaintiff's cause of action, for in the same entry by which the auditor was appointed, the court set aside judgment by default against the defendants, on their motion alleging, among other reasons for so doing, a meritorious defence to the plaintiff's cause of action. Nor could the plaintiff have so understood it. On the trial he not only endeavored to establish his alleged cause of action, but took a bill of exceptions to the ruling of the court refusing to permit him to do so by parol testimony. We think, therefore, it might well be questioned, if this was ordinarily the effect of consenting to the appointment of an auditor, whether the plaintiff could, under the circumstances, be permitted to avail himself of it, especially when he seeks to do so for the first time in this court.

But we cannot admit that the mere consent to the appointment of an auditor, as authorized by our statute, (O. & W. Dig., art.

565,) has the effect contended for by the plaintiff. .A reference of matters of account to an auditor, is authorized by the statute from the consideration that they may be of so complex and intricate a character as to be unfit subjects of examination in court. Shall a party, then, who, knowing that such matters of account are involved in the case, as are from their multiplicity or complexity unfit for an investigation before a jury or by the couit, consents to the appointment of an auditor, from a willingness to facilitate the trial of the cause, or from a greater confidence in the correctness of the account by an auditor, who is always selected by the court on account of his superior competency for this purpose, be thereby estopped from establishing a defence which, while he admits in every particular the correctness of the statement of the account, would discharge him from all liability for it? Or has he, by so doing, relieved the plaintiff from the necessity of establishing his cause of action, when the matters reported by the auditor are not sufficient to do so? We can not think such should be its effect.

It is true in numerous cases in common law courts in actions of account it has been held that the defendant can not, after the appointment of an auditor, deny his liability to account; but this is owing to the fact that there has been, in accordance with the practice in that action, in those courts, a judgment rendered against him *quod computet*, and of course this estops him from a subsequent denial of his liability to account. And in the case of King v. Lacey, 8 Conn. Rep., 500, relied upon by the plaintiff, it was held that the defendant by consenting to the appointment of auditors waived his demurrer. But this was upon the ground, that, by asking for the appointment of auditors, he had asked for a trial, upon the facts, by an appropriate tribunal for their investigation, and he thereby waived his demurrer, precisely as he would under the common law practice, in force in that State, if after demurring he had filed a plea in bar. For the court say, "If he had entered his plea and put himself upon the jury for trial, which is nothing more than asking in a legal form that a jury may try, examine and adjust the account, it would be a waiver of his demurrer. Now, when he comes and asks the court to liquidate the account

in another way, by the appointment of auditors, he must, also, be considered as waiving the demurrer." But as, in our courts, a plea in bar does not waive a demurrer, the reason of the rule, as shown by this case, would lead to the conclusion, that a consent to the appointment of auditors with us, should not be held to do so; much less could it be said to be an admission of the plaintiff's cause of action.

But if the plaintiff were correct in the construction he seeks to place upon the consent to the appointment of the auditor, it would place him in no better attitude than he otherwise occupies. The most that he could possibly claim from it, is, that the defendants thereby admitted his cause of action as stated in the petition, and their liability to account. But the amount for which they should account must still be shown by the plaintiff, either by the auditor's report or otherwise, before he could ask for a judgment. This he failed to do. The report shows, it is true, a series of transactions between the defendants and certain parties therein named, but it cannot be ascertained from it, or other evidence in the case, that the land secured and the money received by the defendants as shown by the report, or any part thereof, was not obtained by them by compromises with parties against whom suits were not brought by the plaintiff, and in which, consequently, by the terms of the contract, he had no interest.

It would perhaps be more appropriate that a demurrer to evidence should be in writing, but we know of no rule of practice in our courts absolutely requiring it, and regard it, therefore, as a matter within the discretion of the District Judge, whether he will act upon it in parol or not. If the plaintiff had desired it at the time, the defendants would no doubt have reduced it to writing, or the court would have required it to have been done. Not having excepted to it upon that ground at the time of trial, he can not now do so.

The right of a defendant to demur to the plaintiff's evidence, is said by this court, in the case of Booth v. Cotton, 13 Tex. R., 359, to be scarcely an open question. A correct practice requires, as is also said by Chief Justice Hemphill in that case, that there should be a joinder in the demurrer by the plaintiff. But it was

his duty to have joined in it, and if he had failed to do so, the court would have required it of him. The entry is inartificially drawn, and does not show that the plaintiff joined in the demurrer. His bill of exceptions, however, to the ruling of the court on the demurrer, expressly states that he did; and such doubtless was the fact. But if it were otherwise, under the authority of the case just referred to, it would not entitle the plaintiff to a reversal. The judgment is affirmed.

Judgment affirmed.